UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:15-cr-40075-SLD |
| DEDRICK MONTEZ JONES, | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Dedrick Montez Jones's Emergency Motion for Compassionate Release and/or Modification or Reduction in Sentence, ECF No. 57, and Amended Motion to Reconsider Request for Compassionate Release, ECF No. 58. For the reasons that follow, the motions are DENIED.

BACKGROUND

On June 22, 2020, the Court denied Defendant's request for compassionate release, which he argued was warranted because he had a medical condition—hypertension—that placed him at risk for having serious complications from COVID-19. June 22, 2020 Order 4–9, ECF No. 53. The Court found that Defendant had not exhausted his administrative remedies, *id.* at 5, declined to rule on Defendant's argument that it could waive the exhaustion requirement, *id.* at 5–6, declined to rule on Defendant's argument "that the Court has the authority to base compassionate release on extraordinary and compelling reasons other than those identified in the application notes to" § 1B1.13 of the United States Sentencing Guidelines, *id.* at 7–8, and found that Defendant's hypertension was not an extraordinary and compelling reason for release even in light of the COVID-19 pandemic because the Centers for Disease Control and Prevention

1

("CDC") had not identified primary hypertension as a risk factor for severe illness from COVID-19, *id.* at 8–9.

Defendant then filed a motion arguing that the Court should have waived exhaustion, Emergency Mot. 2–3, that the Court erred in applying § 1B1.13 to his case in light of *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), *id.* at 3–5, that hypertension is a risk factor for severe illness from COVID-19 and therefore he has established an extraordinary and compelling reason for release, *id.* at 5–7, and that the 18 U.S.C. § 3553(a) factors weigh in favor of his release, *id.* at 9–10. The Court construed this as a motion to reconsider the June 22, 2020 Order and directed the Federal Public Defender to file an amended motion to reconsider on Defendant's behalf. Dec. 22, 2020 Text Order.

Counsel filed the Amended Motion to Reconsider Request for Compassionate Release on Defendant's behalf on January 5, 2021. In this motion, Defendant argues that he indeed exhausted his administrative remedies, Am. Mot. 6, attaching a copy of the administrative request Defendant made on April 13, 2020, Administrative Req., Am. Mot. Ex. 1, ECF No. 58-1. He also argues that the Court erred in finding there was an applicable policy statement and that there are extraordinary and compelling reasons for his release because he has an increased risk of having serious complications from COVID-19 due to his hypertension[1] and his facility has had "one of the largest outbreaks of COVID-19-related cases in the Bureau of Prisons." Am. Mot. 7–11. He also argues that the Court should conclude that, after considering the § 3553(a) factors,

---

[1] Defendant initially argues that "the CDC ha[ve] stated that primary hypertension may in fact increase the risks of contracting COVID-19." Am. Mot. 9; *id.* at 10 ("His medical condition places him within the category of persons who may be at increased risk for contracting . . . COVID-19."). This is not quite right; the CDC state that adults with some underlying health conditions, possibly including hypertension, "can be more likely to get severely ill." People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Mar. 29, 2021). Defendant does also argue, however, that he is more vulnerable to severe complications because of his hypertension. Am. Mot. 10.

2

the time he "has already served is sufficient to satisfy the purposes of sentencing." *Id.* at 11–12. The United States argues that Defendant's motion to reconsider is untimely and that "nothing in the motion . . . affects the legal or factual soundness of this Court's denial of the original motion." Resp. 1, ECF No. 60.

## DISCUSSION

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A).

Even if this motion were timely,[2] and even if Defendant were correct that he exhausted his administrative remedies[3] and can show an extraordinary and compelling reason,[4] the Court would deny his request for compassionate release after consideration

---

[2] The United States argues that a motion to reconsider must be filed within fourteen days of the order the party seeks to have reconsidered. *See* Resp. 4–5 (citing *United States v. Rollins*, 607 F.3d 500, 502–04 (7th Cir. 2010); Fed. R. App. P. 4(b)(1)(A)(i)).
[3] The United States argues that "[D]efendant's attempt to meet his burden to show exhaustion six months after filing his initial motion is untimely and irrelevant." Resp. 8.
[4] The United States notes that though the Seventh Circuit held in *Gunn*, 980 F.3d at 1180, that there is no policy statement applicable to compassionate release motions made by defendants, it also described § 1B1.13 of the Sentencing Guidelines Manual as "a working definition of 'extraordinary and compelling reasons.'" *See* Resp. 5–6. The United States also notes that at the time the Court denied Defendant's motion, primary hypertension (or high blood pressure) was not listed as a risk factor for severe illness from COVID-19 by the CDC. *Id.* at 7. The CDC now state that heart conditions including "possibly high blood pressure (hypertension) can make you more likely to get severely ill from COVID-19." People with Certain Medical Conditions, *supra*. The United States argues that "the possibility that hypertension might cause complications in some people is simply too tenuous a link to

3

of the § 3553(a) factors.  *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns.").

The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

The nature and circumstances of the offense and Defendant's criminal history weigh against granting him compassionate release.  Defendant pleaded guilty to one count of intentionally possessing with intent to distribute at least 500 grams of a mixture and substance containing cocaine.  Revised Presentence Investigation Report ("PSR") ¶¶ 1, 4, ECF No. 19.  He was pulled over in a car that contained 549.8 grams of powder cocaine and admitted the cocaine was his.  *Id.* ¶¶ 7–10.  Police executed a search warrant at his residence and found a digital scale, a loaded gun, and ammunition.  *Id.* ¶ 11.  Defendant had a prior federal conviction for conspiracy to distribute and possess with intent to distribute cocaine.  *Id.* ¶ 35.  The circumstances of the prior offense are similar to those of the instant offense: Defendant was a passenger in a car that contained 1,063 grams of cocaine.  *Id.*  He was released on pretrial bond but violated the conditions of his bond when he was arrested in Iowa on drug and weapon charges.  *Id.*  He was

---

constitute extraordinary and compelling reasons in combination with COVID-19."  Resp. 8 (quotation marks omitted).

sentenced to thirty-one months of imprisonment and a three-year term of supervised release on the conspiracy charge.  *Id.*

Defendant was released from BOP custody in 2008 and violated his initial term of supervised release numerous times.  *Id.*  He drove on a suspended or revoked license, fought in public, used cocaine, admitted to selling at least fourteen grams of crack cocaine, was arrested by the Drug Enforcement Agency, failed to notify his probation officer of a change in residence, and failed to attend substance abuse treatment.  *Id.*  In September 2009, his supervised release was revoked, and he was sentenced to twenty-two months of imprisonment with two years of supervised release to follow.  *Id.*  He was released from BOP custody in March 2011 and proceeded to violate his second term of supervised release numerous times as well.  *Id.*  He drove while his license was suspended, failed to report police contact, left the district without permission, committed domestic battery, and failed to attend cognitive behavioral therapy.  *Id.*  His supervised release was revoked again in January 2013, and he was sentenced to nine months and eighteen days of imprisonment with no supervision to follow.  *Id.*  He was released from BOP custody on September 25, 2013.  *Id.*  Subsequently, Defendant was convicted of possessing marijuana two times.  *Id.* ¶¶ 37, 39.

Because of Defendant's prior federal conviction, he was subject to a ten-year mandatory minimum on the instant offense.  *Id.* ¶ 88.  The Court sentenced him to this mandatory minimum, Judgment, ECF No. 21, and he has served approximately five-and-a-half years so far, *see* PSR 1 (noting that he has been detained since September 2015).  He is not scheduled to be released until March 2024.  Find an inmate, BOP, https://www.bop.gov/inmateloc/ (search for Dedrick Montez Jones) (last visited Apr. 9, 2021).

5

The approximately sixty-two months total to which Defendant was sentenced for his first federal drug conviction did not deter him from committing subsequent possession crimes or the instant offense. The ten-year mandatory minimum to which he was sentenced for the instant offense was sufficient but not greater than necessary to serve as a specific and general deterrent, to account for the seriousness of the offense, and to promote respect for the law. To reduce that sentence to approximately sixty-six months would undermine these interests. Moreover, Defendant's supervised release record leaves the Court with no confidence that he would comply with conditions of home confinement. *See* Am. Mot. 13 (suggesting that "[t]he § 3553(a) factors can be met in this case by home confinement as a condition of supervised release"). Therefore, the Court will not reconsider its decision denying Defendant's request for compassionate release.

## CONCLUSION

Accordingly, Defendant Dedrick Montez Jones's Emergency Motion for Compassionate Release and/or Modification or Reduction in Sentence, ECF No. 57, and Amended Motion to Reconsider Request for Compassionate Release, ECF No. 58, are DENIED.

Entered this 9th day of April, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE